# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDY CORBIN AND<br>YVONNE CORBIN,<br><br>        Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA N.A.,<br>JP ENERGY DEVELOPMENT, LP<br>JP ENERGY MARKETING, LLC<br>JP ENERGY PARTNERS, LP,<br>JPE GSPP, LLC,<br>        Defendants. | No. CIV-15-994-M<br><br><br><br><br><br><br><br>*Payne County No. CJ-2015-339* |

## DEFENDANTS JP ENERGY DEVELOPMENT, LP, JP ENERGY MARKETING, LLC, JP ENERGY PARTNERS, LP AND JPE GSPP, LLC'S JOINT NOTICE OF REMOVAL

Defendants JP Energy Development, LP, JP Energy Marketing, LLC, JP Energy Partners, LP and JPE GSPP, LLC hereby gives notice that this case has been removed to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. §§1332, 1441 and 1446.

**I.**  **Introduction:**

Plaintiff filed their Petition in the District Court of Payne County, State of Oklahoma on August 24, 2015, styled as *Randy Corbin and Yvonne Corbin v. Bank of America, N.A. et al,* Case No. CJ-2015-339. (Exhibit 1, State Court Docket Sheet and Pleadings.). Plaintiff's request for damages in the Petition is for an amount in excess of $75,000. This case therefore meets the jurisdictional amount for removal as required by 28 U.S.C. § 1332(b).

## II. Procedural:

On August 27, 2015, Defendant JP Energy Marking, LLC was served with summons and a copy of the Petition. On August 28, 2015, Defendants JP Energy Partners, LP, JPE GSPP, LLC and JP Energy Development, LP were each separately served with summons and a copy of the Petition. This action has been removed within 30 days of service as required in *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 529 U.S. 344, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999).

## III. Jurisdiction:

Defendants have a right of removal and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 because there is complete diversity as to all parties, and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

In an attempt to defeat federal jurisdiction Plaintiff fraudulently plead that Defendants, JP Energy Marketing, LLC and JPE GSPP, LLC have their principal place of business in Oklahoma.

This statement is not only false, but irrelevant to diversity jurisdiction. Plaintiffs fraudulently plead the jurisdictional requirements for limited liability companies. Under Oklahoma law, an LLC is an unincorporated association or proprietorship. Okla. Stat. tit. 18, §2001(11). Supreme Court precedent makes clear that in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members. Siloam Springs Hotel, L.L.C. v. Century Sur. Co., 781 F.3d 1233, 1237-38 (10th Cir. 2015).

Plaintiff makes the following baseless assertions as to jurisdiction:

a.   Defendant JP Energy Marketing, LLC has its principal place of business in Oklahoma.  *See* Plaintiffs' First Amended Petition, Paragraph 2.

b.   Defendant JPE GSPP, LLC has its principal place of business in Oklahoma. *See* Plaintiffs' First Amended Petition, Paragraph 4.

c.   Personal jurisdiction over the defendants comports with the requirements imposed by the United States Constitution, the constitution of the State of Oklahoma and Oklahoma's long-arm statute for personal jurisdiction, 12 O.S. 2013 supp. §2004(f). *See* Plaintiffs' First Amended Petition, Paragraph 6.

Plaintiffs fraudulently plead Defendants JP Energy Marketing, LLC's and JPE GSPP, LLC principal place of business to defeat diversity jurisdiction.

## IV. Fraudulent Joinder:

Plaintiffs fraudulently plead the jurisdictional facts in their First Amended Petition.  To establish that a party was joined fraudulently joinder, Defendants must demonstrate that plaintiff either (1) committed outright fraud in pleading the jurisdictional facts, or (2) has no possibility of recovery against the non-diverse defendant. <u>Ryan v. State Farm Fire & Cas. Co.</u>, No. 09-CV-138-GKF-PJC, 2010 WL 56153, 2 (N.D. Okla. Jan. 4, 2010).  Contrary to most fraudulent joinder cases, the Plaintiffs' fraud is in the recitation of jurisdictional facts. Despite the nomenclature, fraudulent joinder "does not reflect of the integrity of the plaintiff or counsel, but exists regardless of the plaintiff's motives when the circumstances do not offer any other

justifiable reason for joining the defendant. <u>Wolf Creek Nuclear Operating Corp. v. Framatome ANP, Inc.</u>, 416 F. Supp. 2d 1081, 1084 (D. Kan. 2006)

Plaintiff alleges that Defendants JP Energy Marketing, LLC and JPE GSPP, LLC principal place of business are in Oklahoma. The Court may infer fraudulent joinder where, as here, Plaintiff failed to conduct a reasonable investigation; "knowledge may be imputed where one willfully closes his eyes to information within his reach." <u>Wecker v. Nat'l</u>, 204 U.S. 176. This is not the only case involving Plaintiffs and Defendants JP Energy Marketing, LLC and JPE GSPP, LLC. Defendant JP Energy Marketing, LLC is a Delaware limited liability company doing business in the State of Texas. Defendant JP Energy Marketing, LLC sole members is JP Energy Development, LP a Delaware limited partnership with its principal place of business in Irving, Texas. (Exhibit 2, Affidavit of Erin Rolstad). Defendant JPE GSPP, LLC is a Delaware limited liability company doing business in the State of Texas. Defendant JPE GSPP, LLC sole member is JP Energy Marketing, LLC is a Delaware limited liability company with its principal place of business in Irving, Texas. (Affidavit of Erin Rolstad). None of the Defendants' members are domiciled in Oklahoma.

Plaintiffs cannot willfully ignore the abundance of motions, SEC information and previous disclosures by Defendants currently in their possession. Plaintiffs not only fail to accurately recite the citizenship for Defendants, Plaintiffs fail to cite the appropriate standard for determining citizenship.

In cases where fraudulent joinder is claimed, the Court must "pierce the pleadings, consider the entire record and determine the basis of joinder by any means available."

<u>Dodd v. Fawcett Publications, Inc. 329 F.2d 82</u>.  In this matter, the analysis includes the affidavit of counsel for Defendant JP Energy Partners LP (Exhibit 2).  Plaintiff cannot simply rest on allegations in the Amended Petition, but must instead present some type of real evidentiary basis in support of their jurisdictional averments.  There is no question of fact as to the residency of the Defendants JP Energy Marketing, LLC's and JPE GSPP, LLC.  There is complete diversity between the parties as of the date the State Court Petition was filed.  No Defendant or its members are citizens of Oklahoma.  The Court therefore has jurisdiction under 28 U.S.C. § 1441(b).

V.     **Conclusion:**

This action is properly removed pursuant to 28 U.S.C. § 1441.  A copy of this Notice of Removal is being served this date on Plaintiffs' counsel of record. A copy of this Notice of Removal is being filed this date with the Clerk of the District Court of Payne County, Oklahoma.  Defendants therefore remove this case to the United States District Court for the Western District of Oklahoma.

DATED:  September 11, 2015.

Respectfully submitted,

FRANDEN | FARRIS | QUILLIN
   GOODNIGHT + ROBERTS

*/s/Brynna Schelbar*
Jason Goodnight, OBA #19106
Brynna Schelbar, OBA #21348
Alexander J. Sisemore, OBA #31225
Two West Second Street, Suite 900
Tulsa, Oklahoma 74103
(918) 583-7129 Phone
(918) 584-3814 Fax
***Attorneys for Defendants, JP Energy
Development, LP JP Energy Marketing,
LLC, JP Energy Partners, LP, JPE
GSPP, LP***

## CERTIFICATE OF SERVICE

    I hereby certify that on the 11th day of September, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF Systems for filing and transmittal of a Notice of Electronic Filing to the following ECF Registrant: Jessie V. Pilgrim

*/s/Brynna Schelbar*